UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE FLAGSTAR DECEMBER 2021 DATA SECURITY INCIDENT LITIGATION | Case No. 22-cv-11385<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**ORDER GRANTING MOTIONS TO APPOINT INTERIM LEAD COUNSEL (ECF NOS. 26, 28), DENYING COMPETING MOTIONS TO APPOINT INTERIM LEAD COUNSEL (ECF NOS. 24, 31, 33, 36, 38), AND GRANTING MOTION REQUESTING THE CREATION OF A PLAINTIFFS' EXECUTIVE COMMITTEE (ECF NO. 32)**

This putative class action, the consolidation of some 20 separate actions filed by alleged victims of a December 2021 data breach of Flagstar Bank FSB, is now before the Court on several competing motions to appoint interim lead counsel. ECF No. 24, 26, 28, 31, 33, 36, 38.

Counsel for plaintiff Philip Angus, John Yanchunis of Morgan & Morgan, along with counsel for plaintiff John Smith, Norman E. Siegel of Stueve Siegel Hanson LLP, moves to serve as interim co-lead counsel for the putative class (Yanchunis Slate). ECF Nos. 26, 28. Counsel for plaintiffs Paulette Kincaid, Christopher McKenney, and Mark Wiedder, counsel for plaintiffs Thomas Pike and Andrew Hawkins, counsel for plaintiff Danny Roll, counsel for plaintiff Michael McCarthy, and counsel for plaintiff Allie McLaughlin filed declarations in support of appointing the

Yanchunis Slate. ECF Nos. 25, 27, 29, 30, 34, 35, 37.

Counsel for plaintiffs Chris Key and Alexis and George Cousino, E. Powell Miller of The Miller Law Firm, P.C., along with Kessler Topaz Metzler & Check, LLP and Keller Rohrback LLP, moves to serve as interim co-lead counsel, as well (Miller Slate). ECF No. 36.

Counsel for plaintiffs Scott Temple and Thomas Cowan, Ben Barnow of Barnow and Associates, P.C., moves to be appointed as interim lead counsel or co-counsel. ECF No. 24. Counsel for plaintiff Nathan Silva, Michael Reese of Reese LLP, requests that the Court select one member of each slate plus him to serve as interim co-lead counsel. ECF No. 33. Counsel for Temple, Cowan, and plaintiff Rafael Hernandez move for the creation of a Plaintiff Executive Committee (PEC) and to appoint Rachel K. Tack of Zimmerman Reed LLP to serve as a PEC member. ECF No. 32. Counsel for plaintiff Everett Turner, Danielle L. Perry of Mason LLP, moves to be appointed as interim co-lead counsel, or, alternatively, as a member of the PEC. ECF No. 31. Counsel for plaintiff Scott Myers, Jamisen A. Etzel of Lynch Carpenter LLP, moves for an appointment to a leadership position. ECF No. 38.

The Yanchunis Slate requests that either Powell Miller or David Fink of Fink Bressack, both local counsel with significant class action

experience, be appointed to serve in some capacity. ECF Nos. 26, 28. David Fink and his co-counsel for McLaughlin ask that Mr. Fink be named as liaison counsel to the Yanchunis Slate. ECF Nos. 35, 37.

Federal Rule of Civil Procedure 23 authorizes the court to "designate interim counsel to act on behalf of a putative class before determining whether to certify that action as a class action." Fed. R. Civ. P. 23(g)(3). Although appointment of interim counsel is not required, doing so may be helpful in clarifying responsibility for protecting the interests of the class during precertification proceedings, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. Federal Judicial Center, *Manual for Complex Litigation* § 21.11 (4th ed. 2004); *see also*, Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (in many cases, "progress toward certification may require designation of interim counsel"). Accordingly, courts often appoint interim lead counsel "when a large number of putative class actions have been consolidated or are pending before a single court." *Davis v. GEICO Casualty Co.*, 2021 WL 4876213, at *2 (S.D. Ohio May 20, 2021) (internal quotation omitted).

If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

Fed. R. Civ. P. 23(g)(2). To assess an applicant's adequacy to serve as class counsel, courts must consider: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

Having considered the various competing motions to appoint interim lead counsel, the Court is persuaded that the Yanchunis Slate is best able to represent the interests of the putative class. The Yanchunis Slate has undertaken an exhaustive investigation of the Flagstar Data Breach, utilizing the services of former FBI agents and a cyber consultant. ECF No. 28, PageID.222. In addition, the Yanchunis Slate served as lead, co-lead, or committee member counsel in at least seven high profile customer data breach class actions over the past eight years. *Id*. at 223; ECF No. 26, PageID.173. The Yanchunis Slate's extensive experience with this type of class action make it the most capable and efficient choice for interim counsel. Because it also has and can continue to commit considerable resources to representing the putative class, the Court finds that the Yanchunis Slate is best able to represent the interests of the putative class.

The Court also finds that appointing a small PEC will provide support to the interim co-lead counsel, maximize efficiency of the litigation, and supply added diversity in leadership. *See* ECF No. 32.

Accordingly, the motions to appoint interim co-lead counsel (ECF Nos. 26, 28) are **GRANTED** and the competing motions to appoint interim lead counsel (ECF Nos. 24, 31, 33, 36, 38) are **DENIED**. The motion for the creation of a Plaintiffs' Executive Committee (ECF No. 32) is **GRANTED**.

It is further **ORDERED** as follows:

I. **Appointment of Interim Co-Lead Counsel**

The Court designates the Yanchunis Slate as interim co-lead class counsel and co-chairs of the PEC:

John Yanchunis
Morgan & Morgan Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 223-5505
Email: jyanchunis@ForThePeople.com

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
Email: siegel@stuevesiegel.com

The Court vests Mr. Yanchunis and Mr. Siegel, as Interim Co-Lead Counsel, with the authority and duty to coordinate and oversee the PEC

responsibilities set forth below; to schedule PEC meetings and keep minutes or transcripts of these meetings; to appear at periodic Court-noticed status conferences and hearings; to sign and file all pleadings relating to all actions; and to bind the PEC in scheduling settlement discussions and discovery, setting agendas, entering into stipulations, and in other necessary interactions with the settlement master (if any), defense counsel, and the Court. They also shall perform other necessary PEC administrative and logistical functions and carry out any other duty as the Court may order.

II.     Appointment of Plaintiffs' Executive Committee

The Court designates the following counsel as members of the PEC:

E. Powell Miller
The Miller Law Firm, P.C.
950 W. University Drive, Suite 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Email: epm@millerlawpc.com

Danielle L. Perry
Mason LLP
5335 Wisconsin Avenue NW,
Suite 640
Washington, District of Columbia 20015
Telephone: (202) 429-2290
Email: dperry@masonllp.com

Rachel K. Tack
Zimmerman Reed LLP
1100 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 341-0400
Email: rachel.tack@zimmermanreed.com

Michael Reese
Reese LLP
100 W. 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 594-5300
Email: mreese@reesellp.com

Jamisen A. Etzel
Lynch Carpenter LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Email: jamisen@lcllp.com

The PEC is responsible for creating its own structure, including establishing subcommittees, subject to the Court's approval. The Court recognizes that changes to the PEC's organization may be necessary as the litigation progresses and new details emerge.

### III.     Appointment of Interim Liaison Counsel

The Court designates the following counsel as plaintiffs' Interim Liaison Counsel:

David H. Fink
Fink Bressack PLLC
38500 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
Telephone: (248) 971-2500
Email: dfink@finkbressack.com

### IV.     Terms of Appointment

The appointments of Interim Co-Lead and Liaison Counsel and the PEC are personal to the individual attorney appointed. Although the Court has considered PEC members' resources and expects they will draw upon their firms and co-counsel to assist them with their duties, each appointed counsel is personally responsible for his or her duties. The Court may add

or replace members upon request from the PEC, or on its own motion, if and as circumstances warrant.

It is intended and expected by the Court that, as to all matters common to the consolidated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through the PEC.

The Court will make the final determination as to the compensation and reimbursement of plaintiffs' counsel. All timekeepers carrying out work for the plaintiffs' common benefit, including PEC members, who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed and contemporaneous time records. The Court will provide further instruction and details in a subsequent order.

## V. Duties of Interim Co-Lead Counsel

Interim Co-Lead Counsel, in consultation with the PEC as appropriate, shall do the following:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Maintain, in conjunction with their accountant, records of receipts and disbursements advanced by PEC members and received by the PEC and report in writing to the PEC concerning disbursements and

receipts;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine (after consultation with other PEC members and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties;

- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

Counsel for plaintiffs who have individual or divergent positions because of the status of their clients may present written and oral argument with leave of the Court and provided that in doing so they do not repeat arguments, questions, or actions of the co-lead counsel.

### VI.   Duties of Interim Liaison Counsel

Interim Liaison Counsel shall do the following:

- Maintain and distribute to co-counsel, to defendant's counsel, and to the Court an up-to-date service list regularly;

- Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

- Assist in the coordination of activities, discovery, meetings, and hearings and assist in resolving scheduling conflicts among the parties; and

- Coordinate, as appropriate, the pretrial activities in this proceeding with any parallel state court litigation and any other federal litigation involving the data security incident alleged in master the complaint to be filed in this case.

### VII.   Protocol For Common Benefit Work and Expenses

The Court intends to issue an order establishing specific guidelines and rules for work done and expenses incurred for the common benefit of all plaintiffs in this consolidated action. The Court invites Interim Co-Lead

Counsel, after consultation with other PEC members and other co-counsel as may be appropriate, to submit a proposed order establishing a protocol for common benefit work and expenses no later than 30 days from the date of this order. If interim co-lead counsel does not submit a proposed order, the Court will enter its own.

### VIII. Consolidated Amended Complaint

Interim Co-Lead Counsel shall file a consolidated amended complaint inclusive of all plaintiffs in this consolidated action no later than 30 days from the date of this order. The consolidated amended complaint shall be the operative complaint and shall supersede all complaints filed in any of the underlying individual actions. Defendant shall respond to the consolidated amended complaint no later than 30 days after it is filed.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: May 24, 2023