# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re Flagstar December 2021 Data Security Incident Litigation | Case No. 4:22-cv-11385<br><br>Hon. Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman<br><br>**DECLARATION OF JENNIFER CHARTERS** |

I, Jennifer Charters, declare as follows:

1. I submit this declaration in support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint (the "Motion"). Each statement made in this declaration is based upon facts within my personal knowledge or which I reasonably believe to be true on the basis of my information and belief. If called as a witness in this action I could and would testify competently to the same.

2. I serve as Executive Vice President ("EVP") and Chief Information Officer ("CIO") of New York Community Bancorp, Inc., the parent company of Flagstar Bank, N.A, f/k/a Flagstar Bank, FSB ( "Flagstar"). I joined Flagstar in June 2018 as EVP and CIO, and became CIO of New York Community Bancorp, Inc. following its merger with Flagstar Bancorp, Inc. on December 1, 2022.

3. On December 3 and 4, 2021, Flagstar experienced a cyber incident involving unauthorized access to its network by a threat actor. During that time, the threat actor exfiltrated certain data from Flagstar's network (the "Cyber Incident").

4. Following the Cyber Incident, Flagstar received ransom demands from the threat actor. After negotiations with the threat actor—which were facilitated by a professional ransomware negotiator—Flagstar and the threat actor agreed that Flagstar would pay $1 million in exchange for, among other things, the complete deletion of all data acquired by the threat actor from Flagstar's network.

5. On December 31, 2021, Flagstar paid the threat actor $1 million in Bitcoin.

6. The threat actor subsequently provided Flagstar with access (via RDP and TeamViewer) to the server where the exfiltrated Flagstar data was stored. Flagstar's cyber experts erased the drive on which the Flagstar data was stored and monitored the process until it was complete. The threat actor guaranteed that there were no other copies of the data in the possession of anyone outside of Flagstar.

7. It is my understanding, based on Flagstar's communications with the threat actor, that the threat actor destroyed the server after the data was deleted.

8. Immediately following the Cyber Incident, Flagstar engaged Kroll Associates, Inc. to conduct a forensic inspection of the data exfiltrated during the Cyber Incident. Kroll also conducted daily monitoring of the dark web, including

the site associated with the threat actor, and identified no evidence that the threat actor released any Flagstar data from the Cyber Incident.

9. Due to the size and complexity of the exfiltrated data, including that much of it was unstructured and required an extensive manual review, Kroll's forensic inspection took until June 2, 2022 to complete. At that time, Flagstar identified and finalized a list of individuals whose personal information was compromised during the Cyber Incident.

10. I have reviewed that list and can confirm the following:

(a) John Scott Smith's personal and business bank account information was not exfiltrated during the Cyber Incident.

(b) Mark Wiedder's phone number was not exfiltrated during the Cyber Incident.

(c) Plaintiff Nathan Silva's banking card information was not exfiltrated in the Cyber Incident.

(d) No personal information associated with Erin Tallman (California) or Michael McCarthy (Colorado) was exfiltrated during the Cyber Incident.

11. In January 2021, Accellion, Inc., a vendor that Flagstar used for its secure file sharing platform, informed Flagstar that the platform had a vulnerability that was exploited by an unauthorized party. Flagstar permanently discontinued use

of the file sharing platform, but subsequently learned that the unauthorized party was able to access some of Flagstar's data on the Accellion platform, including customer personal information (the "Accellion Incident"). It is my understanding that the data compromised during the Accellion Incident was made available on the dark web.

12. I have reviewed the list of individuals impacted during the Accellion Incident and can confirm that the following plaintiffs had personal information compromised in the Accellion incident: John Scott Smith, Christopher P. Kennedy, Mark Wiedder, Rafael Hernandez, Hassan Nasrallah, Nathan Silva, and Everett Turner.

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 21 day of July, 2023, in Troy, Michigan.

Jennifer E. Charters

Jennifer Charters