UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re Flagstar December 2021 Data Security Incident Litigation | Case No. 4:22-cv-11385<br><br>Hon. Shalina D. Kumar |

### REQUEST FOR A DISCOVERY CONFERENCE

Pursuant to the Stipulated Order to Extend the Briefing Schedule for Flagstar's Motion to Dismiss (Doc. 62), the Court's Practice Guidelines on Discovery and General Policies, and Local Rules 7.1(a) and 37.1, Plaintiffs respectfully request a remote discovery conference with Judge Kumar to discuss a discovery dispute. In support, Plaintiffs state as follows:

1. On July 24, 2023, Flagstar filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (the "Motion"). To refute Plaintiffs' standing allegations through a "factual attack," Flagstar submitted the Declarations of Jennifer Charters and William Hardin. Docs. 58-2, 58-3. Flagstar's Motion argues Plaintiffs lack standing because "[e]xtrinsic evidence confirms" that:

    a. "*First,* the Cyber Incident involved a ransomware attack in which Flagstar paid the ransom, deleted the exfiltrated data from the cyber

    criminal's server, and received confirmation that there were no additional copies of the data;"[1]

  b. "*Second*, data from the Cyber Incident was *never* available on the dark web. Flagstar's cybersecurity vendor monitored the dark web, including a site associated with the cyber criminals, and Flagstar's data was never released. Independent experts have also confirmed that the data from the Cyber Incident is not available on the dark web. In fact, the only Flagstar data found on the dark web relates to the Accellion Incident;"[2]

  c. "*Third*, for several Plaintiffs, the purported PII they claim was misused was definitely *not* compromised in the Cyber Incident…;"[3] and

  d. "*Fourth*, at least seven Plaintiffs have had PII disclosed in other data breaches…."[4]

2. Now seeking to rebut these factual allegations and establish "the factual existence" of subject matter jurisdiction with competent proof,[5] Plaintiffs served Flagstar with a 30(b)(6) deposition notice and requests for production seeking the

---

[1] *See* Doc. 58 at 29-30. *See also id.* at 19-20 (stating Flagstar "promptly activated its incident response plan, engaged cybersecurity professionals experienced in handling these types of incidents, and reported the matter to federal law enforcement").

[2] *Id.* at 30; *see also id.* at 23 (contending that Plaintiffs' allegations that their PII was compromised is "flatly wrong"); *id.* at 17 ("the stolen data was never misused or made available on the dark web so any claimed injuries will never be more than theoretical and this suit runs squarely into bedrock principles of Article III standing").

[3] *Id.* at 30.

[4] *Id.*

[5] *See, e.g., In re Auto. Parts Antitrust Litig.*, 2018 WL 11358782, at *3 (E.D. Mich. Mar. 29, 2018).

documents and communications in Flagstar's possession, custody, and control relating to its "extrinsic evidence."[6]

3. Specifically, these requests seek documents and communications concerning:

    a. Flagstar's actions taken post-breach to secure the stolen PII;

    b. Flagstar's investigations into the data breach, including any reports;

    c. The work performed by Flagstar's cybersecurity vendor;

    d. The work performed by Flagstar's independent expert(s); and

    e. The nature and extent of PII compromised.

4. All of Plaintiffs' requests concern the material facts raised in the Declarations of Jennifer Charters and William Hardin, and most either quote or cite specific paragraphs in those declarations. Plaintiffs are entitled to fulsome discovery on these purported facts; anything less denies Plaintiffs the opportunity to address the factual attack head-on, and deprives the Court of the facts necessary to independently evaluate jurisdiction.

5. In response to Plaintiffs' requests, and pursuant to the Court's August 15, 2023 Stipulated Order, the Parties met and conferred regarding Plaintiffs' targeted discovery. After an initial meet and confer on August 15, 2023, the parties

---

[6] *See* Doc. 58 at 13.

3

exchanged written meet and confer letters (on August 25, 2023 and September 11, 2023), followed by a second meet and confer via Zoom on September 15, 2023.

6. During the September 15, 2023 conference, the Parties reached an impasse on the scope of discovery, and agreed to seek a discovery conference with the Court. *See* Doc. 62.

7. Specifically, Flagstar has stated that it will only produce a limited subset of the documents requested. Further, although Flagstar will produce Mr. Hardin and Ms. Charters for depositions in their individual capacities, Flagstar will not designate a Rule 30(b)(6) witness for any topics. Further, Flagstar represented that it would not produce most of the documents it has agreed to produce until the Court resolves the scope of targeted discovery. To date, Flagstar has produced no discovery.

8. Plaintiffs need all relevant documents and communications and to depose a Rule 30(b)(6) witness. Flagstar has sought to dismiss the case based on declarations asserting facts that Plaintiffs are entitled to test. Having opened this door, Flagstar cannot now close it on Plaintiffs by refusing to provide relevant discovery designed to refute its assertions.

9. Accordingly, Plaintiffs respectfully request the Court set a discovery conference on **September 25, 2023**, or at the Court's earliest convenience.

Dated: September 20, 2023

Respectfully submitted,

 /s/ Norman E. Siegel
Norman E. Siegel, MO #44378
Barrett J. Vahle, MO #56674
Jordan A. Kane, MO #71028
**STUEVE SIEGEL HANSON LLP**
460 Nichols Rd., Ste. 200
Kansas City, MO 64112
(816) 714-7100
siegel@stuevesiegel.com
vahle@stuevesiegel.com
kane@stuevesiegel.com

*Interim Co-Lead Class Counsel*

 /s/ John Yanchunis
John Yanchunis
Patrick Barthle
Morgan & Morgan Complex Litigation Group
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 223-5505
jyanchunis@ForThePeople.com
Pbarthle@ForThePeople.com

*Interim Co-Lead Class Counsel*

 /s/ David H. Fink
David H. Fink
Nathan J. Fink
Fink Bressack PLLC
38500 Woodward Avenue, Suite 350
Bloomfield Hills, Michigan 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressarck.com

*Interim Liaison Counsel*

E. Powell Miller
The Miller Law Firm, P.C.
950 W. University Drive, Suite 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Rachel K. Tack
Zimmerman Reed LLP
1100 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 341-0400
rachel.tack@zimmermanreed.com

Danielle L. Perry
Mason LLP
5335 Wisconsin Avenue NW, Suite 640

Michael Reese
Reese LLP
100 W. 93rd Street, 16th Floor

5

| | |
|---|---|
| Washington, District of Columbia 20015 | New York, New York 10025 |
| Telephone: (202) 429-2290 | Telephone: (212) 594-5300 |
| dperry@masonllp.com | mreese@reesellp.com |

Jamisen A. Etzel
Lynch Carpenter LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
jamisen@lcllp.com

*Plaintiffs' Executive Committee*

6